REMY CHIASSON, Judge Pro Tern.
This is an action for damages in tort brought by David Mascair after being injured while removing the engine from an automobile. Made defendants were: (1) James Mascair, David Mascair’s son and the owner of the automobile; (2) State Farm Fire and Casualty Company (State Farm), James Mascair’s homeowners insurer; and (3) Automotive Casualty Insurance Company, James Mascair’s automobile liability insurer. David Mascair settled with Automotive Casualty Insurance Company *109 for its $10,000 policy limit[1]. James Mas-cair was later dismissed from this lawsuit with David Maseair reserving his rights to proceed against State Farm. Thereafter State Farm filed a motion for summary judgment alleging that the automobile exclusion of its homeowners policy precluded coverage for this accident. After a hearing, the trial court granted the motion. From that judgment, David Maseair took this devolutive appeal.

FACTS

In February or March of 1987, James Maseair was returning to his home in Tan-gipahoa Parish, Louisiana, from his job on the Mississippi River when his 1967 Ford pickup truck began experiencing engine trouble. Upon reaching home, he noticed a cracked piston. He purchased parts to repair the engine, but upon further inspection he learned that all of the pistons were cracked. At this point James Maseair decided to wait and make the needed repairs at a later date. For the next several months, the truck remained in James Mas-cair’s yard, and he commuted to work on his motorcycle. At some point he purchased a substitute engine to replace the disabled one.
On October 16, 1987, David Maseair was visiting with his son and two friends at his son’s home. They decided to install the newly acquired engine. In order to do so, the men had to first remove the old engine from the truck. James Maseair attached two head bolts to the engine block. A chain was attached to the head bolts of the old engine using hooks. The chain was connected to a “come-along” which was in turn connected to a tree limb. David Mas-cair stood on the fender of the truck and operated the come-along while the other three men guided the engine out of the truck. As the engine was being lifted, the men felt something give way and attempted to move away from the truck. Apparently one of the bolts attached to the engine by James Maseair had stripped out of its hole and hit David Maseair in the eye. The eye was removed at the hospital.

SUMMARY JUDGMENT

(Assignments of error nos. 1 and 2)
David Maseair alleges the trial court erred in granting State Farm’s motion for summary judgment.
The homeowners policy issued by State Farm to James Maseair provides liability coverage subject to certain exclusions. The policy excludes from coverage “bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of: ... a motor vehicle owned or operated by or rented or loaned to any insured ”. The policy defines “motor vehicle” as “a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured location is not a motor vehicle ...”. (Emphasis in original)
David Maseair alleges that although the pickup truck was undergoing “maintenance” at the time of the accident, the automobile exclusion does not apply because the disabled truck was in “dead storage” and thus not a “motor vehicle” as defined by the policy. The trial court rejected this argument in granting the motion for summary judgment. The term “dead storage” is not defined in the homeowners policy, and there are no reported cases in Louisiana interpreting this language.
La.C.C.P. art. 966 provides, in pertinent part:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed....
B. ... The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, *110 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. (Emphasis added)
The facts of this case are not in dispute; therefore, there remains no genuine issue of material fact for summary judgment purposes. The only remaining issue is whether State Farm was entitled to judgment as a matter of law. This issue being res nova in Louisiana, we are called on to determine whether an automobile undergoing maintenance is in “dead storage” as is referred to in the homeowners policy even though it had remained disabled for an extended period of time prior to such maintenance.[2]
We hold that the terms “dead storage” and “maintenance of a motor vehicle” are mutually exclusive. An automobile undergoing maintenance cannot be in dead storage and vice versa. Clearly engine replacement falls within the meaning of the term “maintenance”; therefore, James Mascair’s pickup truck cannot be said to have been in dead storage during such repairs. The fact that James Mascair intended driving the truck upon completion of the repairs coupled with the fact he maintained the liability insurance during the entire time it was disabled further strengthens the argument that the truck was not in dead storage at the time of the accident.
This assignment of error is without merit.

DECREE

For the foregoing reasons the judgment of the trial court granting State Farm’s motion for summary judgment is affirmed. David Mascair is cast for all costs of this appeal.
AFFIRMED.

. James Maseair had an additional automobile liability policy issued by Dairyland Insurance Company. Although it was not made a party to this lawsuit, it paid David Maseair its $10,000 policy limit.

. Black’s Law Dictionary, 359 (5th ed. 1979) defines "dead storage" as
“The storage, especially of automobiles in public garages, where automobiles not in use are to remain uninterruptedly for a time, sometimes for the season."